# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ELLIOTT BERGER,

    Petitioner,

vs.

The Plaintiffs in:

*Guillermo Camarillorazo,* 7:20-cv-98
*Theodore Finley,* 7:20-cv-170
*Carlos Montero,* 7:20-cv-67
*Joseph Palanki,* 3:19-cv-2324
*Ronald Sloan,* 7:20-cv-1
*Carter Stelling,* 7:20-cv-143
*William Wayman,* 7:20-cv-149

and

3M COMPANY, 3M OCCUPATIONAL
SAFETY, LLC, AEARO TECHNOLGIES.
AEARO INTERMEDIATE, LLC, and
AEARO LLC,

    Respondents.
_____/

Case No. 3:21-mc-61-MCR-GRJ

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

## **ORDER**

Pending before the Court is Petitioner, Elliott Berger's Objection, Motion for Rehearing and/or Reconsideration, and Motion for Clarification. ECF No. 3. Elliott Berger—a consultant for Defendants and a witness in these cases—objects to the Court's October 28, 2021 order or in the

alternative seeks reconsideration and/or rehearing, and/or clarification of the October 28, 2021 order.

This order interprets the motion as a motion for reconsideration, and/or rehearing and/or clarification and not as an objection because the October 28 Order was entered and filed on October 28, 2021, more than fourteen (14) days before Berger's motion was filed. Rule 72(a) of the Federal Rules of Civil Procedure provides in relevant part that: [A] party may serve and file objections to [non-dispositive orders] within 14 days after being served with a copy." Berger's motion was served and filed on November 12, 2021, fifteen days after the order was entered and filed. Consequently, to the extent Berger seeks to object to the October 28, 2021 order he is a day late. The Court, therefore, construes the motion as a motion for reconsideration.

## DISCUSSION

On October 28, 2021 the Court entered its order granting Plaintiffs' Expedited Motion to Authorize Remote Testimony Pursuant to Rule 43(a) from 3M Fact Witness Elliott Berger and Brian Myers. ECF No. 2.  The Court authorized Plaintiffs to subpoena Berger to testify remotely by contemporaneous transmission at the bellwether trials that were the subject of the motion.  In that same order the Court also denied Berger's Motion to

2

Quash and/or for Protective Order. The Court imposed appropriate safeguards in the October 28, 2021 Order to ensure that Berger's testimony would be coordinated with the parties and with Berger to avoid any scheduling conflicts Berger may have. Notably, the motion was opposed by the 3M Defendants.

   Berger now argues that because Plaintiff withdrew his subpoena in the *Camarillorazo* trial and never subpoenaed Berger in the *Palanki* trial Berger is not a critical, key witness as Plaintiffs have suggested.  Berger further complains that although Berger appeared remotely at the *Camarillorazo* trial pursuant to a subpoena served by the 3M Defendants, Plaintiffs objected to the recording of his Zoom testimony. Berger concludes by arguing that despite the fact he testified live voluntarily at the *Blum* trial, and appeared remotely at *Camarillorazo,* his testimony was never recorded. Based upon these events Berger requests the Court to enter an order reflecting that his remote live testimony is no longer required, that the transcript of his testimony from the *Blum* trial should be considered sufficient for further trials and that any remaining subpoenas and future subpoenas should be quashed. And lastly, Berger requests that if he must testify again his testimony should be video recorded for future use.

For the reasons explained below, the Court declines to rehear its ruling in the October 28, 2021 Order but will clarify its order in two respects.

The high standard for a motion for reconsideration has been repeated by courts many times. A motion for reconsideration is "an extraordinary remedy" and is only used sparingly. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591 (N.D. Fla. 2010). A motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983), *quoted in Weitz Co. v. Transp. Ins. Co.,* No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009). Reconsideration under Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision. *Wendy's Int1 v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 686 (M.D. Ga. 1996). Although Rule 59(e) does not set forth the grounds for relief, district courts in this circuit have identified three situations that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.

*Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994).

None of these circumstances are raised in Berger's motion. The law has not changed, there is nothing new from an evidentiary perspective offered by Berger and there is no argument that the Court committed clear error. To the extent Berger points to his voluntary live testimony in *Blum* and his remote testimony in *Camarillorazo* as new evidence not considered by the Court Berger ignores the express ruling by the Court in its October 28, 2021 Order. In that order the Court only authorized the service of subpoenas in seven bellwether cases. The Court did not mandate that Plaintiffs were required to subpoena and use Berger's testimony remotely but only that Plaintiffs had the right to do so. Indeed, it was made abundantly clear by Plaintiffs' counsel at the hearing that the decision as to whether individual trial counsel for a plaintiff wanted to use Berger's remote testimony was a decision that would be made by trial counsel in each of the bellwether cases. The fact that Plaintiff's trial counsel in one or more cases decided not to use the remote testimony of Berger has no bearing on the Court's ruling. The simple fact is that under the Court's order Berger is available to testify at each of the seven bellwether cases albeit by remote transmission.

Two points in the Court's October 28, 2021 Order, however, do require clarification and modification. First, as Berger points out in the *Camarillorazo* trial Berger appeared remotely under a subpoena served by the 3M Defendants. The Court never granted the 3M Defendants authorization under Rule 43(a) to subpoena Berger to testify remotely. The 3M Defendants never filed a motion and never asked the Court for permission to utilize Rule 43(a) to subpoena Berger. Indeed, the 3M Defendants did the polar opposite—they staunchly opposed Plaintiffs' efforts to utilize Rule 43(a) to subpoena Berger for his remote testimony. Had the 3M Defendants made such a request it would have been denied for the simple reason that 3M retained Berger as a consultant in this MDL and paid him hundreds of thousands of dollars for his time meeting with them and consulting on what has turned out to be pivotal issues in the case concerning the development and testing of the CAEv2. While the Court recognizes that the motion to quash was filed by Berger's counsel, and not by 3M, that does little, if anything, to change the optics that Berger has been one of, if not the key consultant and primary witness, for their defenses to the claims in these MDL proceedings. Indeed, Berger was designated as 3M's 30(b)(6) witness during the discovery process on a whole host of issues. Thus, if 3M wants to present Berger's testimony they

must do so live or may do so on cross-examination of Berger in the event Berger is subpoenaed by Plaintiffs and testifies remotely.

Lastly, as to recording Berger's testimony for potential use at further trials, the Court never authorized the use of Berger's recorded Zoom testimony. The Court did not do so because 3M at the hearing raised legitimate concerns about the use of trial testimony both from an evidentiary and procedural viewpoint. The Court ordered the Zoom recording of Berger's testimony primarily as a prophylactic measure so that there would be a recording in the event the issue was raised by either side at a subsequent trial. On further reflection, however, the Court determines that ordering the recordation of Berger's remote testimony was premature and completely ignored the prerogative of the trial judge in presiding over a bellwether trial whether either party should be permitted to record Berger's testimony. The discretion of the trial judge to make this decision also applies to any trials even where both sides agree to record Berger's remote trial testimony. In addition to the evidentiary issues attendant to using trial testimony there are potential technical issues involved in recording the testimony on Zoom as well as larger policy decisions concerning the transmission of trial testimony during trial in contravention of the current

7

policy of the Judicial Conference that cameras and recording of trial proceedings are not authorized.

Thus, to the extent Berger requests the Court to clarify its October 28, 2021 Order, the Order is clarified to prohibit the 3M Defendants from subpoenaing Berger under Rule 43(a) to testify remotely. Further, the Court's October 28, 2021 Order is clarified to provide that the decision to permit the recording of Berger's remote Zoom testimony is left to the sole discretion of the presiding judge at the bellwether trials, which are the subject of this motion.[1]

Accordingly, upon due consideration, it is **ORDERED**:

1. Petitioner, Elliott Berger's Motion for Rehearing and/or Reconsideration, ECF No. 3, is **DENIED.**

2. Petitioner, Elliott Berger's Motion for Clarification, ECF No. 3, is **GRANTED** to the limited extent to clarify that the Court's October 28, 2021 Order does not authorize the 3M Defendants to subpoena Elliott Berger under Rule 43(a) to provide remote testimony. The Order is further clarified to provide that the decision of whether to record the remote Zoom testimony of

---

[1] The remaining bellwether trials that continue to be subject to the Court's October 28, 2021 Order are: *Finley,* case no. 7:20-cv-170-MCR-GRJ*; Montero,* case no. 7:20-cv67-MCR-GRJ; *Stelling,* case no. 7:20-cv-149-MCR-GRJ; *Sloan,* case no. 7:20-cv1-MCR-GRJ; and *Wayman,* case no. 7:20-cv149-MCR-GRJ.

Elliott Berger is left to the sole discretion of the presiding judge at the individual bellwether trial.

**DONE AND ORDERED** this 22nd day of November 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate judge